IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON GREGORY LEAL,<br>    Movant, | §<br>§<br>§ |
| v. | §    No. 3:20-cv-1864-N (BT) |
| | § |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Brandon Gregory Leal, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court should dismiss the motion for want of prosecution under Fed. R. Civ. P. 41(b).

I.

*Pro se* prisoners must file their habeas corpus pleadings on the appropriate form. On August 3, 2020, the Court mailed Leal an order and notice of deficiency informing him that his habeas corpus pleadings were not filed on the appropriate form. (ECF No. 4). The Court also sent Leal a court-approved form for habeas corpus relief and informed him that failure to cure the deficiency within 60 days could result in a recommendation that his motion be dismissed under Fed. R. Civ. P. 41(b). More than 60 days have passed, and Leal has failed to correct the deficiency.

1

II.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, this litigation cannot proceed until Leal files his motion on the appropriate form. By failing to provide the Court with a copy of his motion on the appropriate court-approved form, Leal has failed to prosecute his lawsuit and also failed to obey a Court order. Dismissal without prejudice is warranted under these circumstances.

III.

The Court should dismiss Leal's § 2255 motion without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 28, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).